IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 13-40 |
| | ) | |
| MARIO T. HERRING | ) | |
| aka Hondo Amun El | ) | |

## OPINION and ORDER

Defendant Hondo Amun El (indicted name Mario T. Herring) was named as a Defendant in a three-count Indictment filed February 19, 2013, alleging three separate instances of Possessing Counterfeit Money in violation of 18 U.S.C. § 472.

On March 13, 2013, Defendant made his initial appearance and Assistant Federal Public Defender Linda Cohn was appointed as counsel for Defendant. Defendant's arraignment was held on March 19, 2013. At his arraignment, Defendant indicated that his name is Hondo Amun El. Defendant refused representation by the Federal Public Defender explain that he did not sign any contract with the Public Defender's Office and indicated that no attorney would be acceptable to represent him because in his view an attorney is first of all an officer of the Court thereby creating a conflict of interest.

Defendant also refused to accept receipt of the indictment when it was handed to him, explaining that because the indictment is against "Mario T. Herring" it does not reflect the natural person known as Hondo Amun El. He stated that Mario T. Herring is a dissolved entity, whereas Hondo Amun el is a flesh and blood American indigenous to the area. We note that in a NCIC Report the Defendant has used 31 names at various times.

Defendant also repeatedly questioned the Magistrate Judge's authority and whether jurisdiction was properly established.

Due to the need for clarification we conducted a status conference on April 9, 2013, to address the question of representation of Defendant. At this hearing, Defendant questioned my authority and whether this Court had jurisdiction over this matter. He also asked for proof that I am in fact a Federal Judge. I did show to Defendant my oath of office. Defendant read the oath and then asked for, and received, permission to read the document into the record.

During the hearing Defendant continued to refuse to be represented by the Federal Public Defender, but also refused to state that he wanted to represent himself. In the end I ordered Defendant to be evaluated for competency to stand trial.

Following his evaluation a very detailed Report was prepared indicating that Defendant was competent to stand trial. The Report explained that Defendant is fixed on following a legal strategy based on deviant ideology consistent with the sovereign citizen defense and also based on his self-identification as a Moorish American. Consistent with Defendant's letters sent to the Court and his statements in Court, during his evaluation Defendant challenged the legality of the charges against him by citing jurisdictional issues, Constitutional arguments, birth rights, and his own identity.

As he has done in documents sent to the Court, Defendant claimed to the evaluator that the name Mario T. Herring on the Indictment is a corporate construct created by the corporate government for monetary purposes. He further explained that the entity named "Mario T. Herring" was dissolved in June 2010. In general, he does not recognize the existence of the United States, and he does not believe that this court has jurisdiction over him or the subject matter. The Report indicated that although Defendant's legal claims align with

various positions of the sovereign citizen movement, they do not represent any delusional thought processes or disturbances. Furthermore, it was noted in the Report that Defendant's arguments appeared to be coherent and well thought-out, however, his arguments were illogically based on faulty legal reasoning.

With respect to whether counsel was representing Defendant the Report indicated that Defendant said he did not have a defense attorney, claiming that he was "in propria persona." He further explained that he never entered into a contract with an attorney and has no plan to work with an Officer of the Court. He further reported that he has been planning his pro se defense. These statements clearly indicate that Defendant never seriously contemplated any strategy other than self-representation. The Report also noted that Defendant's maladaptive interpersonal style, fringe ideologies, and antisocial cynicism may interfere with any attorney's attempts to establish a collaborative relationship. Finally, the evaluator concluded that Defendant is not likely to accept legal assistance.

Following receipt of the Report we held a Competency hearing on August 6, 2013, after which I found Defendant competent. In addition, based on the Report as well as the statements of counsel and Defendant, I dismissed the Assistant Federal Public Defender initially appointed to represent Defendant. I then appointed new counsel, Steven Townsend, Esquire, to represent Defendant.

Mr. Townsend attempted to meet with Defendant at the prison but Defendant refused to meet with him. We therefore scheduled a status conference to address the issue of Defendant's representation.

During the September 19, 2013 hearing Defendant was combative and uncooperative. He refused to answer questions posed by the Court and attempted to veer the discussion to frivolous and irrelevant matters consistent with his fringe ideology.

Because Defendant had indicated in his papers that he was claiming to appear in court "in propria persona" while also claiming that he was "not pro se, we instructed him as to what the term "in propria persona" meant. We explained that the term "in propria persona" is an old outdated term that many prisoners seem to want to use without knowing its meaning. It was formerly a rule of pleading used during a time when a person wanted to challenge the jurisdiction of a court, but if the person did so by way of an attorney it would mean the person consented to or admitted that jurisdiction was proper. This is no longer the case.

We further explained that we had reviewed the pleadings and letters Defendant had submitted to the Court and heard his arguments during hearings, and noted that one of his primary concerns is that he asserts that this Court has no jurisdiction over him as a person or over the subject matter of the alleged crimes. We assured Defendant that any defendant retains the right to properly challenge jurisdiction when represented by an attorney or representing himself. We concluded by explaining that the term "in propria persona" has no legal meaning, and apparently is used only by non-attorneys who are in some manner asserting rights in court.

We further noted to the Defendant that if the term has any present-day meaning it is the same meaning as "pro se," which means "for one's own behalf," or "for one's self." We continued, explaining that in court this simply means that a person is representing himself rather than having a lawyer represent him. Thus, a defendant who states that they are "in propria persona" and not "pro se" is contradictory and has no meaning in this Court, as the

4

terms mean the same thing. Finally, we assured Defendant that whether he represented himself or was represented by counsel, he would not lose the right to properly challenge jurisdiction.

Turning to Defendant's jurisdictional and other challenges we explained to Defendant in no uncertain terms that this Court properly has jurisdiction over him and that the crimes alleged in the Indictment are proper. We noted that even though Defendant disagrees with our ruling, that there would be a trial in this case. Finally, we explained that if there is an appeal, it will be the United States Court of Appeals for the Third Circuit that will decide if the Court's rulings are right or wrong.

Next, we addressed Defendant's concern that the name "Mario T. Herring" on the Indictment is not him, as he claims to be Hondo Amun el. We explained that that as far as the Court and the law are concerned the indictment is against the Defendant, no matter what name he chose to use -- even though he goes by the name Hondo Amun el, and even though he argues that he is a natural flesh and blood human being that is separate from the name on the Indictment. We concluded that the fact that he claims that "Mario T. Herring" no longer exists has no legal effect in this case and that the charges set forth in the Indictment are against him, as a person.

We rejected his assertions denying that the Court and the United States are not legitimate and have no authority over him. We then noted that we would proceed on the basis of the above rulings and that we will not permit Defendant to repeatedly raise the same frivolous challenges that we have already denied, or otherwise delay the trial by raising frivolous issues.

We should note that throughout the hearing it is uncertain whether Defendant was listening to the content of what we were saying as whenever the opportunity arose he continued to challenge our jurisdiction and raise irrelevant concerns.

In light of the history of the case up to the point of the hearing we determined that it was necessary to explain to the Defendant that his deviant and fringe legal theories would not be accepted in this Court. We explained that such ideology and tactics have been tried to be used in courts across the country, never with any success. We noted that other courts have explained that the ideology, which partly relies on self-declared "imaginary" citizenship, "believe[s] that virtually all existing government in the United States is illegitimate." El Ameen Bey v Stumpf, 825 F.Supp.2d 537, 540 (D.N.J. 2011). Adherents to the ideology sometimes attempt to renounce, as Defendant apparently had done, their United States citizenship and declare their former "straw man" existence as having become "deceased." Id. at 542. We then told Defendant that his ideology has been described as being composed of "scofflaws and ne'er-do-wells who attempt to benefit from the protections of federal and state law while simultaneously proclaiming their independence from and total lack of responsibility under those same laws." Id. at 546 (citations omitted). We concluded that "'[a]ny claims or arguments . . . based on [] membership in the Moorish American Nations are [by definition] frivolous.'" Id., quoting Hampton v. City of Durham, 2010 WL 3785538, at *2-3 (M.D.N.C. Sept. 22, 2010). Thus we made it clear that we would reject defenses based on such frivolous legal theories.

Based on all of the above, including his refusal to meet with newly appointed counsel, we had initially determined that by his actions Defendant was asserting his right to proceed without counsel. Nonetheless we attempted to engage Defendant in a discussion regarding

whether he wanted to represent himself. Again Defendant was obstinate and refused to provide the Court with an answer that was not frivolous or off-topic. Therefore, based on all of the above, we concluded that Defendant was waiving his right to counsel and attempted to conduct a colloquy with Defendant to determine whether his waiver was knowing and voluntary. Defendant refused to answer the Court's questions.

We concluded the hearing with our decision that we would afford Defendant another opportunity to consult with his appointed counsel, Steven Townsend, to determine if there was any possibility that the case could proceed with Mr. Townsend representing Defendant. On October 3, 2013, Mr. Townsend reported that he traveled to Defendant's place of incarceration and again Defendant refused to meet with him. Mr. Townsend thus states that he "cannot effectively participate in the preparation of Mr. Herring's defense due to his refusal to meet." Status Report ¶ 4. As we stated in Court and in our Order affording Defendant an opportunity to confer with counsel, if Defendant will not cooperate with appointed counsel then Defendant will represent himself, and we will appoint Mr. Townsend as stand-by counsel.

This history shows that Defendant has refused to cooperate with counsel and accordingly we find that he is asserting his right to represent himself. Steven Townsend will be appointed as stand-by counsel and will be present in the courtroom, will follow the evidence and proceedings and to the extent possible will assist Defendant in procedural matters he may be unfamiliar with, and he will facilitate a speedy and efficient trial. As we explained in Court to Defendant, Mr. Townsend "stands by" in the event we determine during the trial, or at any time, that Defendant can no longer be permitted to represent himself or if it

explained in Court to Defendant, Mr. Townsend "stands by" in the event we determine during the trial, or at any time, that Defendant can no longer be permitted to represent himself or if it is necessary to remove Defendant from the courtroom because of disruptive tactics so that the case may proceed in an orderly manner to verdict.

Finally, Pretrial motions are currently due no later than October 21, 2013. We will extend the deadline for filing of pretrial motions. In this regard, while counsel was appointed to represent Defendant, Defendant sent the Court several letters, usually entitled "Affidavit of Truth," with an indication in parentheses as to what he is requesting (*e.g.* "Demand for Dismissal"), or else setting forth in rambling and incoherent language his purported background and ideology as a Moorish American. Our review of these "affidavits" shows that they are largely frivolous or not pertinent to the case at hand, or else raise the same jurisdictional and subject matter challenges that we have explained to Defendant are denied. We therefore remind Defendant that we will not allow him to disrupt or delay this case with frivolous challenges either by his conduct or by pleadings.

Accordingly, the following Order is hereby entered.

AND NOW, this __11th__ day of October, 2013, it is hereby ORDERED, ADJUDGED and DECREED that because Defendant his indicated by his repeated and consistent conduct that he wants to represent himself we will permit Defendant to represent himself in this matter.

IT IS FURTHER ORDERED that Steven Townsend, Esquire, will be appointed as stand-by counsel.

IT IS FURTHER ORDERED that the time for filing Pretrial motions is hereby extended to December 2, 2013. The extended time period shall be excluded under Title 18 U.S.C. § 3161(h)(7)(A), since the additional period is necessary to enable Defendant adequate time to prepare pretrial motions. The court further finds that the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant to a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Specifically, the court finds that the failure to extend the time period for filing pretrial motions would deny Defendant, who is representing himself, the reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B)(iv).

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Court Judge

cc: Mario T. Herring, aka Hondo Amun el
No. 34026-068
Northeast Ohio Correctional Center
2240 Hubbard Road
Youngstown, OH 44505