IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    )
                            )
     v.                     )     Criminal No. 13-40
                            )
MARIO T. HERRING            )
 aka Hondo Amun El          )

**OPINION and ORDER**

Defendant Hondo Amun El (indicted name Mario T. Herring) was named as a Defendant in a three-count Indictment filed February 19, 2013, charging him with violating 18 U.S.C. § 472. Defendant is representing himself in this matter. His appointed stand-by counsel is Steven Townsend, Esquire.

Presently before the Court are Defendant's eight pleadings titled as follows: "Affidavit of Verity (Writ of Coram non Judice)" (ECF No. 41); "Affidavit of Verity [:] Writ of Discovery" (ECF No. 43); "Affidavit of Truth (Notice of Default Judgment)" (ECF No. 44); "Affidavit of Truth (Motion for Summary Judgment)" (ECF No. 45); "Affidavit of Fact [:] Rebuttal to the Slanderer Objections to Opinion and Order Filed 10/11/13" (ECF No. 46); "Affidavit of Fact (Motion to Suppress) (ECF No. 47); "Affidavit of Fact [:] Request for Extension for Pre-Trial Motions and Evidence-in-Chief that respondent intends to use at trial" (ECF No. 48); and "Affidavit of Fact [:] Demand for Release of Seized Property & Addendum to Motion to Suppress evidence-in-chief" (ECF No. 49). We will refer to these pleadings collectively as motions. The government has filed an omnibus response to the motions opposing all but the request for extension of time to file pretrial motions. ECF No. 53.

I. <u>Summary of Motions</u>

Our review of Defendant's pleadings shows that he continues to assert challenges to the jurisdiction of this court. First, he challenges the jurisdiction of the Court itself based on his reading of several parts of the Constitution under Article I and Article II, with an emphasis on Article 2, section 2, clause 2. He also relies on the Federal Rules of Criminal Procedure. This challenge to the jurisdiction of the court is directly based on Defendant's assertion that I have not been properly appointed as a Judge, have failed to produce a "Delegation Order of Authority" (also referred to by Defendant as a "Delegation of Authority Order"), and failed to produce a proper Oath of Office. Related to these challenges are Defendant's request for discovery of the "Delegation Order of Authority" and Oath of Office, and Defendant's related request that I recuse in this case.

Defendant also challenges the jurisdiction of the Court over the subject matter of this case based on the assertion that there is no injured party here and therefore no crime can exist in the absence of an injured party.

In addition, Defendant challenges jurisdiction based upon his assertion that he is not a United States citizen; that Federal Reserve Notes are not lawful money under the Constitution; and the failure to effect proper service of the summons and/or complaint.

Defendant also requests dismissal of this action claiming that the statute he is alleged to have violated, 18 U.S.C. 472, is unconstitutional.

Somewhat related to his constitutional challenge to the statute (but also apparently related to his primary jurisdictional challenges) is an assertion that this case is not in the proper venue and therefore he seeks either a transfer or a remand of the case to State Court,

where he implies that jurisdiction over any case that might be alleged against him, may be proper.

In his motion to suppress, he argues that there is a multiplicity of charges against him possibly resulting in a violation of the Double Jeopardy Clause of the Constitution. He also seeks to suppress evidence seized during the investigation of this case. He further requests that the testimony of, and evidence from, Senteria Nightengale, who was indicted at Criminal No. 13-41 and charged with conspiracy to pass counterfeit money, be excluded. Defendant also seeks the release of property seized in this case. Finally, he requests an extension of time to file pretrial motions, and also seeks discovery of evidence intended to be used at trial.

II. Discussion

Before turning to the potentially non-frivolous arguments, we briefly address some of Defendant's other challenges.

A. Miscellaneous Challenges

With respect to Defendant's Constitutional jurisdictional challenge based on the assertion that the Judge has not been properly appointed, has failed to produce a "Delegation Order of Authority", and failed to produce a proper Oath of Office, we have already explained that this Court properly has jurisdiction over this case and the assigned Judge is competent to preside over this case. We will proceed on that basis and deny as frivolous Defendant's challenges to jurisdiction on the above bases.

We also summarily deny Defendant's request to transfer or remand this case to State Court; his claim that jurisdiction is not proper because he is not a United States citizen; and his claim that the government failed to effect proper service of the summons and/or complaint.

Regarding service, it appears that Defendant is referring to a civil action. To the extent he is not we note that he also requests a copy of the Indictment in this case. The record reflects that the Indictment was attempted to be delivered directly to Defendant, but he refused to accept it. Therefore the prosecutor delivered a copy of the Indictment to the Federal Public Defender who initially appeared in this case, as well as to standby counsel. Nonetheless, we will attach a copy of the Indictment to this Opinion as Appendix A, which will be mailed to Defendant along with this Opinion and Order.

Finally, we briefly address Defendant's "Rebuttal" to the Court's Opinion dated October 11, 2013. ECF No. 46.

He objects to being called the "Defendant" and announces that he is to be referred to as the "alleged Defendant" based on the fact that an accused in a criminal case is presumed to be innocent of the crimes charged in the indictment until proven guilty. He appears to also object to being called the "Defendant" based on his erroneous assumption that jurisdiction in this case is not proper. However, he is the Defendant; he is the Defendant who is presumed to be innocent.

The Defendant is alleged to have committed the crimes charged in the indictment based on alleged conduct of the Defendant. While ultimately a fact-finder will determine what facts have been proven in this case and whether the Defendant is guilty or innocent of the alleged crimes, the Defendant is always the Defendant. Even if he is found innocent of the charges, Mr. Herring will always be the named Defendant in this action.

Next, Defendant points out that he is not aligned with an ideology consistent with the sovereign citizens' defense. He states that his status is as a Moorish National. Our point in the Opinion concerned the assertion of frivolous legal theories regardless of the source. Thus,

we reiterate that we intend to reject any defenses or arguments based on frivolous legal theories.

Finally, to the extent that Defendant seeks reconsideration of our Opinion, we will deny such motion.

B. <u>Potentially Non-Frivolous Challenges</u>

The government has provided substantive responses to the following potentially non-frivolous arguments: (1) Defendant's constitutional challenge to the statute he is alleged to have violated, 18 U.S.C. 472; (2) Defendant's claim of multiplicity of the charges; (3) Defendant's motion for discovery; (4) Defendant's motion to suppress evidence; (5) Defendant's motion in limine to exclude testimony and evidence concerning Senteria Nightengale; and (6) Defendant's motion to dismiss for insufficient evidence. We agree with the government that the remaining claims asserted by Defendant are frivolous and/or have been raised and previously rejected by the Court, and thus we summarily deny such claims.

1. <u>Constitutionality of 18 U.S.C. 472</u>

Defendant is charged in the indictment as follows.

> <u>Count One</u>: On or about January 12, 2013, in the Western District of Pennsylvania, the defendant, MARIO T. HERRING, with intent to defraud, did possess and conceal falsely made, forged, counterfeited and altered obligations or other securities of the United States, that is, approximately $1,120 in counterfeit Federal Reserve Notes, containing the information [as set forth for each of 18 Federal Reserve Notes], which the defendant, MARIO T. HERRING, knew to be falsely made, forged, counterfeited and altered.
> In violation of Title 18, United States Code, Section 472.
>
> <u>Count Two</u>: On or about January 12, 2013, in the Western District of Pennsylvania, the defendant, MARIO T. HERRING, with intent to defraud, did pass, utter and publish to and upon Macy's Department Store, falsely made, forged, counterfeited and altered obligations or other securities of the United States, that is, approximately $850 in counterfeit Federal Reserve Notes, containing the information [as set forth for each of 9 Federal Reserve Notes],

5

which the defendant, MARIO T. HERRING, knew to be falsely made, forged, counterfeited and altered.
In violation of Title 18, United States Code, Section 472.

Count Three: On or about December 2, 2012, in the Western District of Pennsylvania, the defendant, MARIO T. HERRING, with intent to defraud, did pass, utter and publish to and upon Macy's Department Store, falsely made, forged, counterfeited and altered obligations or other securities of the United States, that is, approximately $220 in counterfeit Federal Reserve Notes, containing the information [as set forth for each of 7 Federal Reserve Notes], which the defendant, MARIO T. HERRING, knew to be falsely made, forged, counterfeited and altered.
In violation of Title 18, United States Code, Section 472.

Section 472 of Title 18 states as follows:

> Whoever, with intent to defraud, passes, utters, publishes, or sells, or attempts to pass, utter, publish, or sell, or with like intent brings into the United States or keeps in possession or conceals any falsely made, forged, counterfeited, or altered **obligation or other security of the United States**, shall be fined or imprisoned not more than 20 years, or both.

18 U.S.C. § 472 (emphasis added).

Each count refers to Federal Reserve Notes as the "obligation or other security of the United States." Section 8 of Title 18 specifically states that the "term 'obligation or other security of the United States' includes . . . . Federal Reserve notes." 18 U.S.C. § 8. To the extent that Defendant argues that Federal Reserve Notes are not lawful money, and are not constitutional, we reject this wholly frivolous argument. *See* United States v. Grismore, 564 F.2d 929, 931-32 (10th Cir.1977), *cert. denied*, 435 U.S. 954 (1978); and United States v. Schmitz, 542 F.2d 782, 785 (9th Cir. 1976) ("Federal Reserve Notes constitute legal tender, and defendant's constitutional argument has been summarily found by this court to be without merit."), *cert. denied*, 4295 U.S. 1105 (1977).

Defendant also argues that only "counterfeiting" is properly criminalized in section 472, and that to the extent the statute attempts to criminalize "passing," "uttering,"

6

"publishing," or "selling" of counterfeit currency, the statute is unconstitutional under Article I, section 8, clause 6. We likewise reject this argument. Congress does have the power to prohibit counterfeiting, as well as the integrally related activities of passing, uttering, publishing, and selling of counterfeit currency. *See* United States v. Marigold, 50 U.S. (9 How.) 560, 568 (1850); and United States v. Yeatts, 639 F.2d 1186, 1190 (5th Cir. 1981).

### 2. Multiplicity Challenge

Defendant appears to be making a multiplicity challenge to the charges against him. "Multiplicity is the charging of a single offense in separate counts of an indictment." United States v. Kennedy, 682 F.3d 244, 254 (3d Cir. 2012). We find no violation here. Count one charges Defendant with *possession* of 18 counterfeit Federal Reserve notes on January 12, 2013. Count Two charges him with *passing* nine *different* counterfeit Federal Reserve notes on that same date, while Count Three charges him with passing eleven counterfeit Federal Reserve notes on a different date, *December 2, 2012*.

### 3. Motion for Discovery

To the extent that Defendant seeks Rule 16 discovery, we find that the government has satisfied its obligations by providing such information to Defendant's standby counsel.

### 4. Motion to Suppress

Defendant seeks to suppress, and seeks the return of, the seizure of Federal Reserve notes from his back pocket when he was arrested. Such seizure was lawfully performed incident to Defendant's arrest and the final disposition of any legitimate Federal Reserve notes seized from the Defendant will be determined at the close of this case.

Next, Defendant challenges the seizure of a GPS Navigation device and a black accordion-style folder containing Defendant's social security card and birth certificate

7

identifying him as Mario T. Herring, from Senteria Nightengale's vehicle on January 12, 2013. We find that the seizure of these items was lawful as Defendant has no possessory interest in the automobile. In addition, the government asserts that the owner of the vehicle, Senteria Nightengale, did in fact consent to the search. Finally, the government states that it has no intention to introduce this evidence at trial in its case-in-chief, unless the Defendant's name becomes an issue during trial.

Finally, Defendant appears to challenges the search of the apartment where he and Senteria Nightengale resided. The apartment was rented to Senteria Nightengale's sister who permitted her sister to live in the apartment. The government states that consent to search the apartment was obtained from both Senteria Nightengale and her sister. This challenge is moot at this point as the government states that it does not intend to introduce any items seized from the apartment at trial.

5. Motion in Limine

Defendant also seeks to exclude testimony from Senteria Nightengale regarding the alleged conspiracy to pass counterfeit Federal Reserve notes, and any evidence concerning Senteria Nightengale. In part he relies on the spousal privilege.

Any ruling on the admission of her testimony as coconspirator evidence is premature as the government, as it acknowledges, has the obligation to present independent evidence that a conspiracy existed. It is also premature as the government has not yet determined whether it intends to present such evidence.

Regarding an alleged spousal privilege we first note that Defendant was not married to Ms. Nightengale. Even if he were the privilege rests with the testifying spouse, and it does not extend to protecting against disclosure concerning ongoing or future criminal activity. *See*

Trammel v. United States, 445 U.S. 40, 53 (1980); and United States v. Ammar, 714 F.2d 238, 258 (3d Cir. 1983).

### 6. Motion to Dismiss

Defendant also claims that there is a lack of evidence against him, and he appears to seek dismissal of the Indictment. As this request is in the nature of a motion to dismiss based on insufficient evidence we will deny the motion as premature. Such a motion can only be made after evidence of the alleged crimes is introduced at trial.

### C. Motion for Extension of Time

The government does not oppose Defendant's request for an extension of time to file pretrial motions. We will grant the motion. Pretrial motions shall be due no later than March 25, 2013.

AND NOW, this __10th__ day of February, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's pretrial motions are DENIED as set forth above.

IT IS FURTHER ORDERED that Defendant's Motion for Extension of Time to file Pretrial Motions is GRANTED. Pretrial Motions referred to in Local Criminal Rule 12 are due no later than March 25, 2013.

IT IS FURTHER ORDERED that the extension of time caused by this continuance be deemed excludable delay under the Speedy Trial Act, 18 U.S.C. §§ 3161, *et. seq.* Specifically, the court finds that the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant to a speedy trial, 18 U.S.C. §

9

3161(h)(7)(A), since, the failure to grant such continuance would deny Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

                                                                                                                                      */s/ Maurice B. Cohill, Jr.*
                                                                                                                                      Maurice B. Cohill, Jr.
                                                                                                                                      Senior United States District Court Judge

cc:    Mario T. Herring, aka Hondo Amun el
       No. 34026-068
       Northeast Ohio Correctional Center
       2240 Hubbard Road
       Youngstown, OH 44505